NO. 07-02-0400-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 27, 2003

_____

WILLIE LEE NOLAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4827; HON. KELLY G. MOORE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

Appellant Willie Lee Nolan appeals his conviction for indecency with a child and argues, via one issue, that the trial court abused its discretion in determining that Elena Del Toro (Del Toro) was the proper outcry witness. We overrule the point and affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

As previously mentioned, the issue involves outcry testimony of the child whom appellant victimized. Furthermore, the trial court was required to determine the identity of the true outcry witness. The two possible candidates were the child's mother (Pam Nolan) or Del Toro. After hearing the matter, the trial court held Del Toro to be the only witness who could inform the jury of the child's hearsay comments. Then, Del Toro reiterated those comments to the jury.

Yet, the record discloses that the child herself appeared as a witness. And, while testifying, she too described, among other things, the sexual acts committed by appellant, which acts were the ones described by Del Toro. In other words, that imparted by Del Toro under the auspices of an outcry witness was also related to the jury by the child herself. Additionally, appellant did not object to the child's testimony. So, what we have is the same testimony coming from two different sources when no one objected to one of those sources testifying.

According to the Texas Court of Criminal Appeals, "'inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.'" *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991), *quoting Anderson v. State*, 717 S.W.2d 622 (Tex. Crim. App. 1986). That occurred here. Consequently, any error which the trial court may have committed in designating Del Toro as the outcry witness was harmless.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

2